HENRY EGGINK, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 6413.    Promulgated May 28, 1927.

March 1, 1913, value of a one-half interest in certain real estate
acquired in 1909, and the purchase price of the other one-half
interest in the same property purchased March 1, 1915, determined.

*C. W. Pitts, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

The Commissioner determined a deficiency in income tax of
$151.22 for the calendar year 1920. Petitioner claims that the Commissioner erred in his determination of the fair market value of his
one-half interest in certain real estate on March 1, 1913, and the
cost to him of the other one-half interest in the same property when
acquired in 1915, for the purpose of the determination of the gain
or loss upon the sale of the entire property in 1920 for $37,600. The
Commissioner determined that the March 1, 1913, value of the
petitioner's one-half interest in the 160 acres of land was $145 an
acre, or $11,600, and that the purchase price paid by petitioner for
the undivided half interest in the same property in 1915 was $145
an acre, or $11,600. Petitioner claims that three years' rental at
$480 per annum, or $1,440, for his half interest constituted a part
of the purchase price paid by him for the remaining one-half
interest in 1915.

FINDINGS OF FACT.

Petitioner is an individual residing at Alton, Sioux County, Iowa.
In 1909 he and his brother-in-law, Henry Walraven, jointly purchased a farm consisting of 160 acres, being the southwest quarter
of section 10, township 94, range 47 west, in Sioux County, Iowa, for
which they paid $100 an acre. They each had an undivided one-half
interest. At the time of the purchase the farm and the improvements thereon were in very bad condition. The purchasers repaired
the residence by putting on new siding, a new roof, new floors, new
doors and windows, constructed considerable fencing, erected a hoghouse 24 by 32 feet and a new corncrib and granary, 24 by 32 feet,
cleared the land of weeds and thistles, and otherwise improved the
farm.

On March 1, 1913, the land, buildings, and other improvements
were in good condition and the fair market value of the farm on
that date was $145 an acre.

On June 6, 1913, Henry Walraven died testate, devising and bequeathing all his property, real, and personal, including his undivided one-half interest in the aforesaid farm, to his wife. Dur-

ing the year 1913 and prior years petitioner had rented his one-half interest in the farm to his brother-in-law, who owned the other one-half interest, at $6 an acre, or $480 a year, payable on March 1 of each year. After the death of Walraven the widow continued to rent petitioner's interest at the same yearly rental. The rental for the year ending March 1, 1913, and the rentals for the years ending March 1, 1914 and 1915, had not been paid although Henry Walraven's estate was more than sufficient to pay his debts, including the rental, and his widow could have paid the rental for the years 1913, 1914, and 1915, and, although liability therefor was fully recognized, petitioner did not press the matter of payment of the rental for the time being until the widow could adjust the affairs of her deceased husband and make plans for the carrying on of farming operations.

Early in July, 1914, petitioner discussed with Mrs. Walraven the matter of his purchasing her undivided one-half interest in the 160 acres, effective March 1, 1915, and offered as the purchase price of her interest to assume her share of a mortgage amounting to $4,917.-30, to pay $6,682.70 in cash and cancel the payment of $1,440, representing rental of his one-half interest for the years ending March 1, 1913, 1914, and 1915, the purchase price in all being $13,040. After consideration Mrs. Walraven accepted this offer and a contract wherein Mrs. Walraven agreed to sell and petitioner agreed to purchase the one-half interest, effective March 1, 1915, was entered into. This agreement was carried out and the property transferred on March 1, 1915. The Commissioner refused to allow the cancellation of $1,440 rental as part of the purchase price paid by petitioner for the property in computing the gain or loss upon the sale thereof by petitioner in 1920 for $37,600.

OPINION.

LITTLETON: The only issues in this proceeding upon which evidence was submitted are whether the Commissioner erred in his determination that the March 1, 1913, value of the petitioner's undivided one-half interest in the farm was $145 an acre and whether the cancellation of the rental due for his one-half interest for the years 1913, 1914, and 1915, amounting to $1,440, constituted a part of the purchase price paid for the remaining one-half interest.

Petitioner alleged in an amended petition that a first mortgage in the amount of $24,600 and bearing interest at 5 per cent taken as a part of the sales price for the property in 1920 had no fair market value and should not, therefore, have been included as a part of the sales price in determining gain or loss. No evidence was submitted upon this point and no mention was made thereof in the brief filed. There was some testimony introduced to the effect that the fair

market value of petitioner's one-half interest in the property on March 1, 1913, was $150 an acre, but in the proposed findings of fact submitted by the petitioner the Board is asked to find a fair market value on March 1, 1913, of $145 an acre, and we believe from a consideration of all the testimony that the value of $145 an acre was the fair market value of the property on March 1, 1913, and we have so found. This is the March 1, 1913, value found by the Commissioner. While the consideration mentioned in the contract of sale and the deed of transfer of the one-half interest in the property to the petitioner was $145 an acre, the evidence shows that the consideration paid by the petitioner in 1915 for a one-half interest in this property was $145 an acre plus the amount of $1,440 rental accrued to the date of the transfer. The cost to petitioner, therefore, of the one-half interest acquired in 1915 was $13,040.

*Judgment will be entered on 15 days' notice, under Rule 50.*